**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Thomas A. Clark

   v.                                           Civil No. 10-cv-011-SM

State of New Hampshire

**REPORT AND RECOMMENDATION**

Before the Court is pro se plaintiff Thomas A. Clark's Complaint (doc. no. 1). Because Clark is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether or not the Complaint states any claim upon which relief might be granted. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B) (authorizing Magistrate Judge to conduct preliminary review to determine whether action may proceed); 28 U.S.C. § 1915(a)(1).

### Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(1). In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully

pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint should be dismissed for failing to state a claim on which relief could be granted, the Court must consider whether the complaint, construed liberally, see Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted).  Determining if a complaint states a viable claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

The claims in the Complaint relate to guardianship proceedings and orders issued by state courts in New Hampshire involving Clark's daughter.  Clark and Krystal Marshall are the parents of A.M., a minor child.  In 2000, Dawn Nilram, who had been taking care of A.M., filed a petition in Merrimack County Probate Court, seeking to be appointed A.M.'s guardian.  Marshall, who petitioned jointly for Nilram's appointment as guardian, asserted that she could not care for her daughter at that time.  Clark opposed the petition.  Probate Judge Richard Hampe held a hearing and granted the petition in October 2000.

The guardianship appointment order granted both parents liberal visitation and specifically provided that the "guardian

shall not take the minor to church without the written consent of both parents." Clark asserts that, due to "religious differences," he has not granted permission for A.M. to attend any church functions.

Nilram and her husband currently live in Pennsylvania with A.M. Clark characterizes them as a "church owning family." On July 24, 2009, Probate Judge Hampe entered an order, providing that any law enforcement or social service agency in any state could take A.M. into protective custody if she is found in the care of anyone other than the Nilrams. The order further directed that, in the event A.M. is taken into protective custody, the guardian ad litem or the court be notified thereafter so that they can notify the Nilrams. The Nilrams must take A.M. into their care if she is being held in protective custody, and they must thereafter contact the Merrimack County Probate Court to schedule an emergency hearing on the matter.

At some point, Henrietta Lunae was appointed as guardian ad litem for A.M. Clark asserts that Lunae threatened to "'make the child disappear.'" Lunae is no longer serving as guardian ad litem.

Jennifer Star, a babysitter working for A.M.'s guardian ad

litem, claimed in a petition filed against Clark in state court that Clark was stalking her. Clark asserts that the order granting relief on the stalking petition has effectively prevented him from seeing A.M.

Clark's claims for damages in the Complaint relate to the orders issued between 2000 and 2009 concerning the custody and guardianship of A.M.[1]  Construed liberally, the Complaint (doc. no. 1) includes a claim that the State, through the orders of Probate Judge Richard Hampe, violated Clark's rights under the First Amendment and his fundamental rights as a parent, by granting custody and guardianship of A.M. to the Nilrams, a "church owning family."  In addition, Clark asserts that Lunae's threat regarding A.M.'s disappearance and the stalking order against him furthered a conspiracy in the State of New Hampshire to oppress and deprive Clark of the right to be A.M.'s father.

## Discussion

I.  Section 1983

Section 1983, 42 U.S.C. § 1983, creates a cause of action

---

[1] The claims, identified herein, will be considered to be the claims raised in the complaint (doc. no. 1) for all purposes.  If Clark objects to the claims as identified, he must do so by properly filing an objection to this Report and Recommendation or by properly moving to amend his complaint.

against those who, acting under color of state law, deprive persons of their federal constitutional or statutory rights.[2] See Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002). Clark's claims alleging violations of federal constitutional law effected by state actors arise under § 1983.

## II.  Eleventh Amendment

Claims cannot be maintained in federal court against unconsenting states and their agencies, absent Congressional abrogation of the State's sovereign immunity.  See Fantini v. Salem State College, 557 F.3d 22, 33 (1st Cir. 2009); see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).  Neither a waiver of sovereign immunity, nor any Congressional abrogation of that immunity, exists as to the claims asserted here.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989) (Congress did not abrogate Eleventh

---

[2]42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

Amendment immunity through section 1983). Accordingly, the claims asserted against the State of New Hampshire should be dismissed under the Eleventh Amendment.

III. Judge Hampe

The complaint, construed liberally, includes a claim for damages under section 1983 based on Judge Hampe's issuance of certain orders that Clark asserts adversely impacted his parental rights and his rights under the First Amendment. The doctrine of judicial immunity protects judges from "civil liability for any normal and routine judicial act," even erroneous, malicious, or unauthorized actions, so long as the judge did not act in the "'clear absence of all jurisdiction.'" Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978)).

"[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump, 435 U.S. at 356. Thus, a probate court judge in a court of limited jurisdiction could be held liable for his actions in trying a criminal case not involving a probate matter, but a criminal court judge would be entitled to immunity from identical claims. See id. at 357 n.7. The distinction is that a probate

court judge trying a criminal case acts in a clear absence of subject matter jurisdiction, but a criminal court judge trying a criminal case in criminal court acts within his or her jurisdiction.  See id. (criminal court judge, but not probate court judge, immune from suit for conviction in criminal court for nonexistent crime).

   The acts at issue here relate to orders issued in a guardianship proceeding over which Probate Judge Hampe presided. Probate courts in New Hampshire are courts of limited jurisdiction, with powers limited to those conferred by statute. See In re Cigna Healthcare, Inc., 145 N.H. 683, 688, 777 A.2d 884, 888 (2001).  Proceedings regarding the appointment of guardians of minors, and "in relation to the duties imposed by law on such . . . guardians" are within the jurisdiction of the probate court in New Hampshire.  N.H. Rev. Stat. Ann. ("RSA") § 547:3, I(e); see also RSA § 463:4 (probate court has jurisdiction to appoint minor's guardian, subject to Uniform Child Custody Jurisdiction Act, RSA §§ 458-A:1 to -A:25).

   Judge Hampe's orders at issue here related to, among other things, the appointment of Dawn Nilram as guardian for A.M. and the authority and duty of the Nilrams to care for A.M. and to

arrange for an emergency hearing in Merrimack County Probate Court if A.M. is found anywhere outside of their custody or control.  These orders were within the probate court's subject matter jurisdiction pursuant to the Uniform Child Custody Act and other provisions of state law.  Judge Hampe, therefore, is absolutely immune from claims for damages relating to the orders at issue here.  Accordingly, I recommend dismissal of Clark's claims against Judge Hampe.

IV.  Conspiracy

Clark has asserted that his parental rights have been affected by a conspiracy within the State of New Hampshire.  As evidence of this conspiracy, Clark proffers Lunae's threat to make A.M. disappear and the stalking order entered against him, instigated by a complaint by the guardian ad litem's babysitter.  Such conclusory allegations of a conspiracy are not entitled to a presumption of truth in determining if a plaintiff has stated a viable claim for relief under section 1983.  Although "pro se complaints are to be read generously, . . . allegations of conspiracy must nevertheless be supported by material facts, not merely conclusory statements."  Slotnick v. Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980) (per curiam) (citation omitted); see

also <u>Ashcroft</u>, ___ U.S. at ___, 129 S. Ct. at 1951 (conclusory nature of allegations disentitles them to presumption of truth). Accordingly, Clark's claims of a conspiracy involving Lunae's threats, the babysitter, and the stalking order are insufficient to state a claim for relief and should be dismissed.

<u>Conclusion</u>

For reasons set forth above, I recommend that the complaint (doc. no. 1) be dismissed.  Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauth. Pract. of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:     May 5, 2010

cc:       Thomas A. Clark, pro se

JRM:nmd